Scott, J.
The assignment of errors, in this case, presents two questions: first, whether the facts stated in the petition of the plaintiff below, are sufficient to constitute a cause of action; and second, whether the facts stated in the answer, constitute a defense to the action.
It is claimed that the petition is insufficient, because it does not aver a demand of payment from the makers at the maturity of the note, and notice of non-payment to the guarantor. Was such demand and notice necessary to a right of action, under the guaranty on which suit was brought ? This question involves an inquiry into the character of the guaranty, and the obligations which it imposed upon the parties respectively.
The contract of guaranty in this case, consists in its phraseology of two clauses, but both, as we understand them, of similar import. The language is: “ The said Forest agrees to indorse and become responsible for the above notes, provided that the said Stewart uses all diligence in collecting them of the parties who gave the notes; and, in case that any or all of said notes can not be collected, by due process of law, of the parties who gave them, then the said Forest agrees to pay the amount of said notes to said Stewart.”
The second clause or member of this contract, may be regarded as a re-statement, in express terms, of what would be the legal effect of the language used in the first member — and was, doubtless, intended to define with precision and explicitness, what was meant by Forest’s becoming responsible for the notes; and the character and extent of the diligence to be *249 ■used by Stewart; and tbe substance of the whole is a guaranty, by Forest of the collectibility of the indorsed notes, by due process of law, to be employed, with all proper diligence, by Stewart, the indorsee, against the makers.
The law merchant which defines the terms of the implied ■contract created by the indorsement and delivery of commercial paper, and the consequent rights and obligations of the parties thereto, can have little or no application to the case of a special assignment and guaranty, in which the terms of the contract are fully expressed. Wolf v. Brown, 5 Ohio St. Rep. 804.
The contract of guaranty, in this case, does not stipulate, in its terms, for any notice whatever ; and the right.to a full recovery of damages, for the breach of its condition, must be perfect without any notice, other than such as the law requires as a duty, arising from the character and nature of the guaranty. Where the contingency upon which the liability of the guarantor is dependent, is the result of the action of the guarantee, or depends upon his option, or where, from the nature of the ease, the default must come peculiarly within his knowledge, the law imposes upon him the duty of giving reasonable notice of such default to the guarantor; and the want of such notice will discharge the guarantor, to the extent of the loss arising from such want of notice. Bashford v. Shaw, 4 Ohio St. Rep. 263, and authorities there cited.
But this requirement of notice, applies only to the default upon which the liability of the guarantor depends. If the payment of a note at maturity, be guaranteed, the guarantor is entitled to notice of non-payment within a reasonable time after default of non-payment; but if as in this case, the guaranty is one of collectibility by due process of law, no notice is required until the proper efforts for collection have been unsuccessfully carried to final process.
Here, the guarantor was not responsible for default of prompt payment by the makers of the note, but had required the guarantee to use the process of law for its collection; and had guaranteed the successful result of such process.
For what purpose, then, should demand of payment have *250 been made of tbe makers; and notice of non-payment have' been given to the guarantor? He was tbe payee of tbe note, and there were no prior indorsers whose liabilities could be affected by tbe want of notice. No demand was necessary to perfect a right of action against tbe makers; for they were legally bound to pay without. Such action would not put tbe guarantor in default, for such wa.s not tbe condition of bis guaranty. Nor was it called for in order to enable him to take active measures for collecting tbe note; for this duty be had expressly devolved upon the guarantee. And, we think it clear, that a demand of payment was not necessary, as a part of tbe diligence required, by tbe terms of tbe guaranty, to be used in tbe collection of tbe note; as those terms show that the diligence required was a prompt resort to coercive measures, by “ due process of law.”
We conclude, therefore, that tbe plaintiff’s cause of action was perfect without demand, and notice of non-payment; and that bis petition is, of course, good, without an averment of either.
It only remains to inquire whether tbe demurrer to tbe answer was properly sustained?
It is not denied in tbe answer, that tbe plaintiff below used tbe ordinary process of law, by proceeding against tbe makers of tbe. note, with so much diligence as to obtain judgment against them in tbe proper court, at its first term, after default made in payment; and it not only admits, but distinctly avers, that they were then wholly insolvent, and bad placed all their property beyond tbe reach of their creditors; but it is, nevertheless, alleged that tbe plaintiff did not use due diligence in bis efforts to collect, and this allegation is based on tbe fact, that Murdock & Nye were not prevented, by attachment or otherwise, from placing their property beyond tbe reach of their creditors. Conceding that tbe plaintiff below was bound to use all the diligence of a vigilant creditor, ip securing and collecting tbe debt guaranteed, yet a failure to resort to tbe extraordinary process of attachment, or other remedies ancillary to ordinary process, would not constitute negligence, unless the facts necessary to authorize tbe use of such remedies, *251 were known, or by tbe exercise of proper diligence would bavabecome known, to tbe creditors, in time to render them available. Tbe answer charges no sucb knowledge, or means of knowledge; and is, therefore, fatally defective in respect totbe charge of negligence.
Judgment of district court affirmed.
Peck, C.J., and Brinkerhoee, Ranney and Wilder, JJ.,. concurred.